Abraham N. Goldman, SBN 102080
ABRAHAM N. GOLDMAN & ASSOCIATES, LTD.
12896 Rices Crossing Road
P.O. Box 120
Oregon House, California 95962
Tel: (530) 692-2267
Fax: (530) 692-2543
E-mail: agoldman@succeed.net

Attorney for Plaintiffs EDITH MINNE
and BONNIE LOHMANN

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| EDITH MINNE and BONNIE LOHMANN, individually and as Trustee of The EDWARD and BONNIE LOHMANN 2006 Family Living Trust, and as Successor in Interest to Edward Lohmann, deceased,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>HUIB STROOMBERG, ET AL.<br><br>　　　　Defendants. | CASE No. 2:09-CV-00625-JAM-KJM<br><br>**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO DISQUALIFY ABRAHAM GOLDMAN AS COUNSEL FOR PLAINTIFFS**<br><br>DATE:　June 3, 2009<br>TIME:　9:00 a.m.<br>DEPT:　6<br>JUDGE: Hon. John A. Mendez |

This matter came to be heard before the Court, the Hon. John A. Mendez presiding, on June 3, 2009, as set by the Notice of the Clerk dated May 18, 2009 (Docket No. 23).

Appearing for the parties was: Abraham Goldman for the plaintiffs; Huib Stroomberg *pro per*; Traci Southwell *pro per* and C. Anthony Hughes for defendant Stroomwell Investment Group, Inc.

**[PROPOSED] ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO DISQUALIFY ABRAHAM GOLDMAN AS COUNSEL FOR PLAINTIFFS**

CASE No. 2:09-CV-00625-JAM-KJM

PDF created with pdfFactory trial version www.pdffactory.com

Before proceeding with the various motions before the Court, the Court enquired of Mr. Stroomberg and Ms. Southwell on the record to confirm that they indeed were representing themselves and were aware of their duties and obligations under the Federal Rules of Civil Procedure and the Rules of the United States District Court for the Eastern District of California.  Mr. Stroomberg and Ms. Southwell confirmed in open Court they represented themselves and that they understood their duty to follow the F.R.C.P. and the Local Rules.

The Court then proceeded to consider the pending motions and heard arguments from all parties on the pending motions.

The motions before the Court filed by defendants comprised: 1) a purported "Motion for Demurrer" filed by Huib Stroomberg (Docket No. 9 and supporting exhibits), 2) a Motion to Disqualify Plaintiffs' Attorney filed by Huib Stroomberg (Docket No. 10), 3) a purported "Motion for Demurrer" and exhibits, filed by Traci Southwell (Docket No. 11), 4) a Motion to Disqualify Plaintiffs' Attorney filed by Traci Southwell (Docket No. 12), 5) a purported "Motion for Demurrer" filed by defendant Stroomwell, plus exhibits (Docket No. 13) (Filed in Non Compliance), 6) a Motion to Dismiss for Nonjoinder under F.R.C.P. 21 and supporting documents filed by Stroomwell (Docket No. 14).[1]

Also before the Court was an Opposition by plaintiffs to Stroomwell's Motion to Dismiss for Non-Joinder under FRCP 21 (Docket No. 16), Objections by plaintiffs to defendants' Motion to Dismiss for Nonjoinder (Docket No. 17), an Opposition by plaintiffs to the two "Motions for Demurrer" by defendants Stroomberg and Southwell (Docket No. 18), plaintiffs' Evidentiary Objections to the exhibits and declarations purportedly supporting the "Demurrers" (Docket No.

---

[1]  Defendant Huib Stroomberg will be referred to in the remainder of this Order as "Stroomberg", Traci Southwell will be referred to as "Southwell" and Stroomwell Investment Group, Inc. will be referred to as "Stroomwell".

**[PROPOSED] ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO DISQUALIFY ABRAHAM GOLDMAN AS COUNSEL FOR PLAINTIFFS**

CASE  No. 2:09-CV-00625-JAM-KJM

PDF created with pdfFactory trial version www.pdffactory.com

19), plaintiffs' Opposition to defendants' Motion to Disqualify and supporting Declarations and Exhibits (Docket No. 20) and plaintiffs' Evidentiary Objections to defendants' Motion to Disqualify (Docket No. 21).

Also before the Court was defendants' combined Reply in Support of its "Motion for Demurrer" (Docket No. 24), defendant Stroomwell's Reply in Support of its Motion to Dismiss Under Rule 21 and a new declaration (Docket No. 25), Defendants' combined Reply to Response to Motion to Disqualify[2] (Docket No. 26) and Defendants' Memorandum of Points and Authorities in Reply to Plaintiffs' Opposition to Motion to Disqualify (Docket No. 27).

In addition before the Court in response to defendants' Replies, Memorandum and new exhibits were Plaintiffs' further Evidentiary Objections and Motion to Strike from the records of the Court Exhibit G of defendants' Reply (Docket No. 28, pages 34-38), and plaintiffs' Objections to Defendants' Reply and Supporting Declarations and Exhibits relating to Defendants' Reply in Support of Motion to Disqualify (Docket No. 32).

After considering the entire record, including the original Complaint (Docket No. 1), and arguments of counsel and the parties, the Court ruled on the above matters as follows:

The format of defendants' moving papers did not conform to the requirements of the Local Rules.

The Court considered and ruled on the several Evidentiary Objections and the Motion to Strike filed by plaintiffs (Dockets No. 19, 20, 21, 28 and 32). The Court found Plaintiffs' Objections to be well taken and granted each objection filed by plaintiffs, and the Motion to Strike Exhibit G from plaintiffs' Reply

---

[2] Sixteen page Memorandum of Points and Authorities filed without required Table of Contents and Table of Authorities, plus new Exhibits A-O.

**[PROPOSED] ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO DISQUALIFY ABRAHAM GOLDMAN AS COUNSEL FOR PLAINTIFFS**

CASE No. 2:09-CV-00625-JAM-KJM

3

PDF created with pdfFactory trial version www.pdffactory.com

(Docket No. 26 at pages 34-38).  The objections were sustained on the grounds stated by plaintiffs in the Objections.  Regarding Exhibit G (Docket No. 26 at pages 34-38), the Court further found Exhibit G was an attorney-client privileged document between two non-parties to this case, and it had no relevance to any of the issues before the Court.

The Court gave defendant Stroomwell's attorney and the individual defendants full opportunity to attempt to explain the relevance of Exhibit G.  No sufficient explanation being given, the objections to Exhibit G were sustained, the Motion to Strike Exhibit G was granted, and the Clerk is directed to remove Exhibit G from the record.

The Court considered the Motion to Disqualify Mr. Goldman as Plaintiffs' Attorney and the various memoranda, replies and exhibits, and further allowed the parties to present oral argument on the issues raised by that motion.  After consideration of all the papers on file, the Court's ruling on the various objections and the arguments of the parties and counsel, the Motion to Disqualify Mr. Goldman was denied in its entirety.

The Court considered the various purported "Demurrers" filed by each of the defendants, and all supporting papers, oppositions, replies and the objections filed by the parties.  The Court heard oral argument on the purported "Motions for Demurrer".  The Court found that these moving papers designated "Demurrers" were inappropriate under the Federal Rules of Civil Procedure.  However, the Court addressed the issues raised in each motion as motions to dismiss under F.R.C.P. Rule 12(b)(6).  After hearing oral argument by counsel and the *pro per* parties, the Court denied each "Motion for Demurrer" on the basis that the allegations of the Complaint stated legal claims for relief under the Federal Rules of Civil Procedure, and that the evidentiary materials submitted by defendants

**[PROPOSED] ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO DISQUALIFY ABRAHAM GOLDMAN AS COUNSEL FOR PLAINTIFFS**

CASE No. 2:09-CV-00625-JAM-KJM

4

PDF created with pdfFactory trial version www.pdffactory.com

improperly attempted to challenge the Complaint as motions for summary judgment.

The Court considered the motion filed by defendant Stroomwell for dismissal under Rule 21.  The Court denied the motion on the grounds that the Rule 21 motion was not well founded.  As this case is based on federal question jurisdiction (RICO), there was no issue regarding diversity or misjoinder, and there was no basis for bringing a motion under Rule 21.

In plaintiffs' Opposition to the "Motions for Demurrer", plaintiffs indicated that they would voluntarily dismiss without prejudice and ask for leave to replead the Fourth Claim of the Complaint for Breach of Fiduciary Duty.  Accordingly, the Court granted the motion by defendants to dismiss the Fourth Claim, without prejudice, and ordered plaintiffs to file an amended complaint on or before June 23, 2009.

The Court directed plaintiffs' counsel, Mr. Goldman, to prepare an Order for the Court's review consistent with the Court's rulings.


Dated:    June 22, 2009                    /s/ John A. Mendez_____
                                           John A. Mendez
                                           Judge of the United States District Court
                                           For the Eastern District of California


**PROOF OF SERVICE**

**[PROPOSED] ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO DISQUALIFY ABRAHAM GOLDMAN AS COUNSEL FOR PLAINTIFFS**

5

CASE No. 2:09-CV-00625-JAM-KJM

PDF created with pdfFactory trial version www.pdffactory.com

This certifies that I am over the age of 18 years, not a party, and am employed at Yuba County, California, at 12896 Rices Crossing Road, Oregon House, California.  Pursuant to common business practice, I served the attached:

**[PROPOSED] ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO DISQUALIFY ABRAHAM GOLDMAN AS COUNSEL FOR PLAINTIFFS**

on the following parties and attorneys in this action by causing a true and correct copy thereof to be hand delivered addressed as shown below, on ***June 11, 2009*** to:

HUIB STROOMBERG
P.O. Box 341
Dobbins, CA 95935                               In Pro Per

TRACI SOUTHWELL                       In Pro Per
P.O. Box 341
Dobbins, CA 95935

I am familiar with common business practice regarding collection and processing of documents for mailing with the United States Postal Service.  Such documents were sealed, prepaid and placed for collection on the date stated above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed ***June 11, 2009,*** at Oregon House, Yuba County, California.

Dated: June 11, 2009

                              */s/Katherine W. Lendech*
                              Katherine W. Lendech

**[PROPOSED] ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO DISQUALIFY ABRAHAM GOLDMAN AS COUNSEL FOR PLAINTIFFS**

CASE No. 2:09-CV-00625-JAM-KJM

PDF created with pdfFactory trial version www.pdffactory.com